Craig K. Perry, Esq.
Nevada Bar # 003786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 943-7520 Fax
info@1stoplawfirm.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KIRBY SPENCER,<br><br>             Plaintiff,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC., a Foreign Corporation doing business in Nevada,<br><br>             Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW, KIRBY SPENCER ("Plaintiff"), by and through his attorney, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and alleges the following against NATIONWIDE CREDIT, INC. ("Nationwide").

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 47 U.S.C § 227(g)(2), and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Nationwide conducts business in the State of Nevada and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 47 U.S.C § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C § 1391, of which the following subsections apply: (b)(2), because a substantial part of the events giving rise to the claim arose in Nevada, and (c)(1), because Plaintiff is a resident of the state of Nevada.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Henderson, Nevada.

7. Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C § 227.

8. Nationwide is a Georgia Corporation doing business in Nevada and for whom a principal purpose of its business is the collection of debts.

9. Nationwide is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C § 227.

## STATEMENT OF FACTS

10. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 9 inclusive, above.

11. Beginning on or about July 30, 2012, Plaintiff began receiving robocalls from Nationwide to his cell phone number. Upon information and belief, Nationwide, on at least ten (10) occasions, by and through its employees, agents or assigns, contacted or attempted to contact the Plaintiff's cellular telephone service. A robocall is any call made using an automatic telephone dialing system. *LCCA/er v. CashCalf.* 554 F.Supp.2d 1025 (N.D. Cal. 2008)

12. Nationwide does not have an established business relationship with the Plaintiff.

13. Nationwide did not have the prior express consent of the Plaintiff before making the calls described in paragraph 11 above.

///

///

## CLAIM FOR RELIEF

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

14. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 13 inclusive, above.

15. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

16. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

17. Despite the fact that Plaintiff never consented to Nationwide making calls to his cellular telephone, Nationwide repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

18. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations when they are done "willfully and knowingly."

19. Here, upon information and belief, Nationwide repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone.

20. Nationwide did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

21. Nationwide's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call by way of SMS text messaging using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, Kirby Spencer, respectfully prays for a judgment as follows:

a. Actual damages;

b. Statutory damages up to $500 per violation;

c. Reasonable attorney's fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff Kirby Spencer demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

DATED: December 5, 2014

CRAIG K. PERRY & ASSOCIATES

_/s/ Craig_____
Craig K. Perry, Esq.
Nevada Bar #003786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 942-7520 Fax
info@1stoplawfirm.com
Attorney for Plaintiff